People v Rodriguez (2018 NY Slip Op 08358)





People v Rodriguez


2018 NY Slip Op 08358


Decided on December 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2018

Friedman, J.P., Kapnick, Webber, Kahn, Kern, JJ.


7819 5449/14

[*1]The People of the State of New York, Respondent,
v
Carlos Rodriguez, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), and Orrick Herrington & Sutcliffe, LLP, New York (Alyssa Barnard of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (R. Jeannie Campbell-Urban of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J. at hearing; Mark Dwyer, J. at jury trial and sentencing), rendered August 1, 2016, convicting defendant of persistent sexual abuse and sentencing him, as a persistent violent felony offender, to a term of three years to life, unanimously affirmed.
We conclude, based on a record that includes a hearing on defendant's motion to dismiss the indictment in furtherance of justice, that defendant has not established that his attorney's allegedly deficient advice regarding plea negotiations caused prejudice to the extent required under the applicable federal and state standards (see Lafler v Cooper, 566 US 156, 164 [2012]; Missouri v Frye, 566 US 134, 147 [2012]; People v Bank, 28 NY3d 131, 137-138 [2016]). Before defendant's criminal court arraignment on charges of forcible touching and sexual abuse in the third degree, the prosecutor proposed a misdemeanor disposition. Assuming, without deciding, that counsel should have warned defendant that he could be indicted for persistent sexual abuse, and, if convicted, sentenced to a term of three years to life as a persistent violent felony offender, defendant has not established that the misdemeanor disposition would have actually been accepted by the court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 6, 2018
CLERK